UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION
CASE NO.: 1:10-CV-11937

WILLIAM NORKUNAS, Individually,

       Plaintiff,

v.

NATICK ASSOCIATES, LLC, a Limited
Liability Company,

       Defendant.

_____/

# CONSENT DECREE

This Consent Decree is entered into by and between WILLIAM NORKUNAS, Individually, hereinafter sometimes referred to as "Plaintiff," and NATICK ASSOCIATES, LLC, a Limited Liability Company, hereinafter sometimes referred to as "Defendant," on the date last executed below.

WHEREAS: The Defendant's property is known as 1400 Worcester Street Plaza, and is located at 1400 Worcester Street Road, Natick, MA 01760. Plaintiffs claim that there are architectural barriers existing at the Defendant's property that constitute violations of the Americans With Disabilities Act that unlawfully limit the Plaintiffs' use of the property. Defendant does not admit all of the allegations of the Plaintiffs' Complaint, but recognizes that the Plaintiffs might prevail and receive some of the relief on the merit of their claim. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving and Entering the Consent Decree.

1. All alterations, modifications, and policies required by this Consent Decree shall be completed prior to the re-inspection date set forth below, unless a different completion date is otherwise stated herein. A final property re-inspection conducted by Plaintiffs will take place on or after **October 31, 2012** to ensure that the modifications to the subject property required below for barrier removal have been completed. Plaintiffs' counsel, expert(s) and/or representatives shall be provided access to the building to conduct a re-inspection and to verify commencement, progress and completion of the work required hereby. In the event of non-compliance with the terms and conditions of this agreement, Plaintiffs shall be entitled to immediate injunctive relief.



EXHIBIT
A

<u>William Norkunas v. Natick Associates, LLC</u>
Case No.: 1:10-CV-11937

2. Defendant shall pay Plaintiffs' counsel, Fuller, Fuller and Associates, P.A., and co-counsel Law Offices of Nelson M. Stern, for Plaintiffs' attorneys' fees, litigation expenses and expert fees, and costs incurred in this matter. The amount to be paid shall be **$18,500**, by check to Fuller, Fuller & Associates within 20 days of the filing and approval of the Consent Decree.

3. When all issues are resolved between the parties, the parties hereby agree and will request the Court to approve and enter the Consent Decree, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this Decree.

4. In any action to enforce this Consent Decree, the prevailing party shall be entitled to attorneys' fees, costs and expert fees.

5. This Consent Decree shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this Consent Decree in good faith.

6. The parties agree that any delays in making the modifications to the property as provided for pursuant to this Consent Decree caused by third parties, including but not limited to construction contractors, or city building officials, inspectors, or permitting departments, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

7. Upon the Court's approval of this Consent Decree and upon the Defendant's full compliance with the terms and conditions of this Consent Decree, Plaintiffs hereby release and discharge Defendant, its officers, employees, agents, successors and assigns from any and all claims and causes of action which it has had arising under the Americans With Disabilities Act at this property **-1400 Worcester Street Plaza, and is located at 1400 Worcester Street Road, Natick, MA 01760.**

8. All references to the ADAAG refer to the following:
28 CFR Chapter 1 Part 36, App. A. (7-1-94 edition) - ADAAG

9. The parties acknowledge that the modifications described in this Consent Decree shall be implemented according to the standards set out in the ADAAG.

10. This Consent Decree can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if

William Norkunas v. Natick Associates, LLC
Case No.: 1:10-CV-11937

all parties hereto had signed the same signature page. A facsimile copy of any party's signature shall be deemed as legally binding as the original signatures.

11. The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

12. Defendant shall complete all modifications as agreed by **October 31, 2012.**

13. The Defendant agrees to make the modifications as listed in Paragraph 14 no later than **October 31, 2012**.

14. The Defendant agrees to modify the property as follows:

    **A.**    **Parking and Accessible Route**

        (1). Restripe the accessible parking spaces and access aisles in accordance with the ADAAG and any pertinent local codes, to include eight accessible spots, one of which is a van accessible spot.

        (2) Establish a policy for all snow removal personnel to keep all accessible parking spaces and access aisles reasonably clear of snow and not to use those areas to store removed snow and debris.

        (3). Wherever new accessible routes cross curbs, create curb ramps.

    **B.**    **Tenant Spaces** - The parties acknowledge that defendant does not have full control over the operations of its tenants. However, the parties agree that defendant is responsible for the compliance of the premises with respect to the ADA. As such, the defendant will require its tenants to do the following and will be responsible for such.

        (1). In the **Fresh City Restaurant,** Defendant shall require its tenant to do the following:

            (a). **Restrooms**

                (1.1). Post compliant signage at the Men's restroom door.

William Norkunas v. Natick Associates, LLC
Case No.: 1:10-CV-11937

(1.2). In the Men's restroom, to ensure ease of transfer for wheelchair users, the grab bars should relocated according to the ADAAG.

(1.3). Post compliant signage at the Women's restroom door.

(1.4). In the Women's restroom, to ensure ease of transfer for wheelchair users, the grab bars should relocated according to ADAAG.

(b). **Restaurant Area**

(1.1). To prevent the carpeting from moving and the edges from curling, the carpeting should be secured to the floor.

(2). In **Fitness Etcetera for Women,** Defendant shall require its tenant to do the following:

(a). **Counter Areas**

(1.1). A portion of the counters should be lowered or an auxiliary counter provided to comply with the ADAAG.

(b). **Unisex Restroom**

(1.1). The doorknob to the unisex restroom should be replaced with a lever-operated mechanism that complies with the ADAAG.

(1.2). The piece of furniture that is blocking the latch-side clearance of the restroom door should be relocated.

(1.4). To ensure the ease of transfer for wheelchair users, the grab bars should be relocated according to ADAAG.

(1.5). The toilet paper dispenser should be relocated to comply with the ADAAG.

William Norkunas v. Natick Associates, LLC
Case No.: 1:10-CV-11937

(c). **Exercise Area**

(1.1). The exercise equipment should be re-arranged so that at least one of each type of apparatus is provided with a compliant amount of clear floor space.

(3). To prevent the carpeting in certain tenant spaces from moving, and the edges from curling, the carpeting should be secured to the floor:

(a). Beauty Supply

(b). Eastern Boarder

(c). Shoes to Dye For

(d). Party Store

(4). In **Eastern Boarder**, Defendant shall require its tenant to do the following:

(a). **Counters**

(1.1). A portion of the counters should be lowered or an auxiliary counter provided to comply with the ADAAG.

(b). **Dressing Room**

(1.1). The door knob to the dressing room should be replaced with a lever-operated mechanism that complies with the ADAAG.

15. **Policies and Procedures** - Defendant agrees to inform its tenants to implement the following Policies and Procedures by November 15, 2011:

(a). When handing currency to a customer, bills should be individually identified and counted. Credit cards should be handed to customers after imprint.

6

(b).   Employees should receive training so that they are generally familiar with the obligations of places of public accommodation under the ADA.

(c).   Monitoring of accessible parking spaces to prevent illegal parking within the spaces or access aisles.

(d).   An evacuation plan that accommodates people with disabilities in the development and modification of emergency evacuation procedures.

(e).   A maintenance policy to keep areas readily accessible and usable by persons with disabilities.

[INTENTIONALLY LEFT BLANK]

William Norkunas v. Natick Associates, LLC
Case No.: 1:10-CV-11937

**SIGNATURES:**

**Parties:**

**PLAINTIFFS:**

By: _William Norkunas_                    Date: _March 25, 2011_
    **William Norkunas (Individually)**

**DEFENDANT:**

By: _____          Date: _____
    **Natick Associates, LLC (Title)**

8

William Norkunas v. Natick Associates, LLC
Case No.: 1:10-CV-11937

**SIGNATURES:**

**Parties:**

**PLAINTIFFS:**

By: _____          Date: _____
    **William Norkunas (Individually)**

**DEFENDANT:**

By: _____          Date: _March 28, 2011_
    **Natick Associates, LLC (Title)**